UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| **LATRELL HARRIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| **GOHEALTH, LLC,** ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

### PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, LATRELL HARRIS ("Plaintiff" or "Harris"), and files her Complaint against Defendant, GOHEALTH, LLC ("Defendant" or "GoHealth"), and in support states the following:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation for Plaintiff's lawful exercise of her rights under the FMLA and unlawful discrimination and harassment against Plaintiff due to her disability leading to her unlawful termination.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

5. Plaintiff, Harris, is a citizen of the United States, and was at all times material, a resident of the state of Illinois.

6. Defendant, GoHealth, is a foreign for-profit corporation with its principal office in Chicago, Illinois.

7. Defendant does business and Plaintiff worked for Defendant in this District.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about March 19, 2020, Plaintiff dual-filed a claim with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On September 30, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13. This complaint was filed within ninety days of the EEOC's issuance of the Dismissal and Notice of Rights.

**FACTS**

14. Plaintiff was employed by Defendant in a full-time capacity for approximately one year and five months. At the time of her termination, Plaintiff held the position of Senior Benefits Consultant.

15. Plaintiff is a disabled female.

16. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

17. At all times material, Plaintiff was able to perform the essential functions of her job with or without accommodations.

18. Plaintiffs suffers from migraine headaches and hypertension as Defendant is aware.

19. Plaintiff's disability impacts her major life events including but not limited to sleeping, driving and concentrating on tasks.

20. In mid-August 2019, Plaintiff's doctor completed ADA forms, listing Plaintiff's conditions and advising Defendant reduce Plaintiff's workload. Plaintiff provided the completed forms to Mercedes Desarden, Human Resources, and made a reasonable request for accommodation. However, Defendant denied Plaintiff's request for accommodation.

21. Due to Defendant's failure to accommodate, Plaintiff requested FMLA forms.

22. At all times relevant Plaintiff was a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

23. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more work weeks in the calendar year preceding the leave request.

24. In October 2019, Plaintiff returned the completed FMLA forms to Ms. Desarden. However, Ms. Desarden refused to accept the FMLA forms and arbitrarily rejected Plaintiff's request from FMLA.

25. In early January 2020, Plaintiff experienced a flare-up of her condition and requested to utilize a sick day. However, Jeff (last name unknown), Human Resources, claimed Plaintiff was not permitted to take a sick day, despite Plaintiff having sick time available. As a result, Plaintiff again requested FMLA forms.

26. About a week later, Plaintiff experienced a severe migraine at work and once again requested to use her sick time. Jeff informed Plaintiff she was not permitted to use her sick time and she would be required to utilize FMLA.

27. Subsequently, Plaintiff verbally complained to Catherine Roache, Manager, about being denied sick time. Ms. Roache informed Plaintiff other employees had been approved for sick time around the same time Plaintiff was arbitrarily denied her own sick time.

28. When Plaintiff followed up with Ms. Desarden about the discrepancy, Ms. Desarden told Plaintiff "there's nothing wrong with you, you're not sick, stop saying you're sick."

Ms. Desarden informed Plaintiff she would be terminated if she utilized sick time, and Plaintiff would be required to apply for FMLA if she needed a sick day.

29. On or about January 29, 2020, Plaintiff had a doctor's appointment, during which she provided her doctor with FMLA forms to complete.

30. The next day, Plaintiff received a termination letter. Plaintiff immediately contacted Ms. Desarden to question her termination. In response, Ms. Desarden informed Plaintiff if she submitted her FMLA forms by close of business that day, Plaintiff would be reinstated.

31. Plaintiff contacted her doctor, who faxed a copy of the completed FMLA forms to Ms. Desarden that afternoon. Plaintiff's doctor received confirmation of a successful transmission.

32. Despite submitting the completed FMLA documents before the close of business on January 30, 2020, Ms. Desarden informed Plaintiff her termination would stand.

33. Defendant claims Plaintiff's FMLA forms were insufficient, however, Defendant failed to provide Plaintiff the opportunity the remedy any alleged deficiencies and failed to engage with Plaintiff in the interactive process.

34. Plaintiff has been damaged by Defendant's illegal conduct.

35. Plaintiff has had to retain the services of the undersigned counsel and has agree to pay said counsel reasonable attorney's fees.

## Count I:
### Retaliation in Violation of the FMLA

36. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-35 above.

37. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service

during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

38. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

39. Plaintiff exercised or attempted to exercise her rights under the FMLA.

40. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

41. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

42. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

## Count II:
## Interference in Violation of the FMLA

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

44. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

45. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

46. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

47. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

48. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

49. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

<u>**Count III:**</u>
**Disability Discrimination in Violation of the ADA**

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

51. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

52. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

53. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

54. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

55. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

56. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

57. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count IV:**
**Retaliation in Violation of the ADA**

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

59. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating her employment.

60. Defendant's conduct violates the ADA.

61. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

62. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

63. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional

distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

  b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

  c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*